IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PENNECO OIL COMPANY, INC.**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:17cv1364 |
| | ) | **Electronic Filing** |
| **K. PETROLEUM, INC.**, | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM ORDER**

AND NOW, this 5th day of March, 2020, upon due consideration of Plaintiff's Motion for Contempt and the parties' submissions in conjunction therewith, IT IS ORDERED that [28] the motion be, and the same hereby is, denied. This ruling is without prejudice to either party's ability to seek relief in the related action at Penneco Pipeline Corp., et. al, v. K. Petroleum, Inc., 2:18cv248, currently assigned to Judge William S. Stickman, IV.

This action was commenced under Title 9 of the United States Code, sections 9 and 13, to confirm an arbitration award. See Complaint (Doc. No. 1) at Introduction and ¶ 3; Civil Cover Sheet (Doc. No. 1-1) at p. 1. Jurisdiction was invoked based on diversity of citizenship. Id.

On September 27, 2018, a final judgment order was entered confirming all aspects of the underlying arbitration award and awarding damages and interest. See Opinion (Doc. No. 24), Memorandum Order (Doc. No. 26) and Order of Final Judgment (Doc. No. 27), all entered on September 27, 2018. Neither party filed an appeal or sought further review and the judgment became final on or about October 27, 2018.

Plaintiff filed the instant motion for contempt on March 14, 2019. This court declines to further entertain the motion for two fundamental reasons. First, the court's jurisdiction in a Title 9 proceeding to confirm, modify or vacate an arbitration award is limited to reviewing the matters raised and determined in the arbitration proceeding. The court long-ago completed that

function and entered a final judgment which did not contain an equitable decree.  Second, the current record does not provide a sound basis for the exercise of this court's authority to impose sanctions pursuant to a contempt proceeding.  Thus, further proceedings at the above-captioned action are not appropriate.

The entry of a final judgment in a proceeding to confirm an arbitration award is not the equivalent of an open-ended action in which a party may seek to enforce its contractual rights.  As a general matter confirmation of an arbitration award under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq.*, is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, . . . and the court 'must grant' the award 'unless the award is vacated, modified, or corrected.'"  D. H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984) and 9 U.S.C. § 9).  Judicial review of an arbitration award is quite narrow.  Akers National Roll Co. v. United Steel, Paper and Forestry, Mfg., Energy, Allied Industrial and Services Workers International Union, 712 F.3d 155, 160 (3d Cir. 2013); accord Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001) (same).  The court's function is to determine whether the award on the matters submitted to the arbitrator should be confirmed.  See 9 U.S.C. § 9; Oxford Health Plans, LLC v. Sutter, 569 U.S. 564, 568 (2013).  A court may vacate, modify or correct the award "only in very unusual circumstances."  Oxford Health Plans, 569 U.S. at 568 (quoting First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 942 (1995)).  These circumstances are statutorily identified in § 10 of the FAA.  Id.

This court's award and final judgment entered at the above-captioned proceeding resolved all matters that were submitted to and definitively resolved by Arbitrator King when he made his interim and final awards.  The court's judgment confirmed the June 23, 2017, Interim Award and Order, the July 24, 2017, Modified Interim Award and Order and the October 11, 2017, Final

Award of the American Arbitration Association entered at Case No. 01-16-0002-8581; awarded the pre- and post-judgment interest on those awards; and affirmed the award of access through declaratory relief. Memorandum Order of September 27, 2018, awarding relief pursuant to Penneco's Motion for Judgment on the Pleadings (Doc. No. 26). Thereafter, all of these matters become final and the court did not retain jurisdiction in its final judgment order over any other issue, proceeding or aspect of the parties' dispute.

Plaintiff's motion for contempt seeks to extend certain determinations underlying Arbitrator King's awards to matters that are in some measure beyond those submitted to him. Indeed, plaintiff recognized as much by commencing a separate proceeding for injunctive and monetary relief in the Court of Common Pleas of Westmoreland County. See Notice of Removal (Doc. No. 1) in Penneco Pipeline Corp., et. al, v. K. Petroleum, Inc., 2:18cv248. Tellingly, plaintiff has not taken the position that the issues in this other ongoing, open litigation must be submitted to Arbitrator King as a subpart of what already had been submitted to him and affirmed in the above-captioned action.

Furthermore, the instant motion for contempt is grounded in the contention that defendant's president openly has denied the ongoing validity and application of certain underpinnings and factual determinations supporting the arbitration award of access. He did so in a separate action commenced after defendant refused to supply the information plaintiff needs to calculate past and ongoing damages beyond those made in the confirmed award. In other words, the motion seeks a form of relief that is well beyond the scope of the court's review in this Title 9 proceeding. Because the motion for contempt does not concern enforcing the judgment as it relates to the historical events submitted to Arbitrator King and confirmed in the Judgment Order, and the Judgment Order has become final, further proceedings in the above-captioned action to remedy defendant's asserted defiance are not available to plaintiff.

3

In addition, plaintiff's efforts to invoke the doctrine of civil contempt are misguided. The purpose of civil contempt is primarily remedial and to benefit the complainant. Roe v. Operation Rescue, 919 F.2d 857, 868 (3d Cir. 1990) (citing Hicks v. Felock, 485 U.S. 624, 631 (1988) and Latrobe Steel Co. v. United Steelworkers of America, 545 F.2d 1336, 1343 (3d Cir.1976). Civil contempt sanctions are designed either to compensate the injured party or to coerce the defendant into complying with the court's order. Id. (citing Gregory v. Depte, 896 F.2d 31, 34 (3d Cir. 1990)).

Civil contempt generally is divisible into two sub-categories, each of which benefit the aggrieved party in distinctive ways. Latrobe Steel Co., 545 F.2d at 1344 (citing Norman Bridge Drug Co. v. Banner, 529 F.2d 822, 827 (5th Cir. 1976)). "Remedial or compensatory actions are essentially backward looking, seeking to compensate the complainant through the payment of money for damages caused by past acts of disobedience. Coercive sanctions, in contrast, look to the future and are designed to aid the plaintiff by bringing a defiant party into compliance with the court order or by assuring that a potentially contumacious party adheres to an injunction by setting forth in advance the penalties the court will impose if the party deviates from the path of obedience." Id. (collecting cases). Where the relief of contempt is designed to coerce a defiant party, such measures "are designed to aid the complainant through ensuring that the contemnor adheres to the court's order." Latrobe Steel Co., 545 F.2d at 1344.

Relief pursuant to either of these avenues would be inappropriate. Plaintiff does not seek to recover for actions that were taken during the time the parties' dispute was before Arbitrator King or even for damages that pertain to events that were submitted to Arbitrator King and encompassed in his monetary damage award. And it is difficult to fathom why plaintiff would be pursuing such relief without exhausting all avenues available to collect on the monetary component of the final judgment that already has been entered. In any event, seeking relief

4

through contempt with regard to collecting on the monetary portion of the judgment is not appropriate given the nature of the relief and the other avenues available to collect it.

Forward-looking coercive relief likewise would be inappropriate. Plaintiff conveniently has attempted to transform the remedies available to it from the declaratory relief awarded by Arbitrator King and affirmed in this action into a form of injunctive relief. But a coercive order directing defendant to comply with the declaration of this court has not been entered; nor has a decree been entered directing defendant to perform in a specific manner. Without such an order, the use of contempt to force compliance would be inappropriate. See Latrobe Steel Co., 545 F.2d at 1347 (both compensatory and coercive civil contempt seek to enforce rights created by an injunctive order and where such an order does not exist a proceeding in contempt is unavailable). In other words, civil contempt is not a mechanism to reward the plaintiff merely for a defendant's wrong, but instead is intended to provide a remedy for an existing right that has been incorporated into a court's equitable decree or directive. Id. at 1350 (Garth, J. concurring (quoting Salvage Process Corp. v. Acme Tank Cleaning Process Corp., 86 F.2d 727 (2d Cir. 1936); accord Universal Athletic Sales Co. v. Salkeld, 511 F.2d 904, 910 (3d Cir. 1975) ("[Civil as opposed to criminal contempt] is not designed to vindicate the court's authority but to recompense one of the private parties for loss caused by the failure of the other to observe the court's order" and when the court's injunctive order falls so does the right to seek and obtain a remedy in contempt.).

To be sure, the declaratory relief of access provided by Arbitrator King was intended to and has provided plaintiff with a meaningful, contractually-based right that in the absence of changed circumstances can be enforced through the doctrine of collateral estoppel as it relates to transactions between the parties that have occurred since the time period covered by the arbitration award. But as Judge Stickman astutely has held, those rights exist in the form of a

cause of action for breach of contract and any resulting money damages; injunctive relief and/or other forms of specific performance are not appropriate types of relief available to plaintiff under the circumstances. Memorandum Opinion of November 18, 2019 (Doc. No. 94) in <u>Penneco Pipeline Corp., et. al, v. K. Petroleum, Inc.</u>, 2:18cv248. And whatever else can be said about the doctrine of civil contempt, its surely was not designed to provide plaintiff with a mechanism to engage in an end-run around the limitations imposed in plaintiff's on-going litigation to recover on its contractual rights.

An appropriate and sound basis for the use of contempt proceedings at the above-captioned civil action does not exist. Consequently, plaintiff's motion to hold defendant in contempt has been denied.

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc: Daniel B. McLane, Esquire
    Michael P. Pest, Esquire
    Allison L. Ebeck, Esquire
    Justin H. Werner, Esquire
    Thomas J. Galligan, Esquire

(*Via CM/ECF Electronic Mail*)